12PETERS, Judge,
dissenting.
I respectfully dissent from the majority’s opinion in this matter. In my opinion, DOTD’s failure to apply AASHTO standards and install guardrails at this location is a factor contributing to the accident and resulting injuries. Reaching that conclusion, I would apportion fault by considering “both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.” Campbell v. Louisiana Dep’t of Transp. & Dev., 94-1052, p. 7 (La.1/17/95); 648 So.2d 898, 902.
While finding that the ditch adjacent to Louisiana Highway 29 was “deep and dangerous,” the trial court concluded that its utility in facilitating drainage in the area was great and that the accident and resulting injuries were caused solely by the fault of Gerald Deville. This ignores the undisputed fact that applicable AASHTO standards required the installation of guardrails at the point of the accident.
As is often the case, DOTD relies on Myers v. State Farm Mutual Automobile Insurance Co., 493 So.2d 1170 (La.1986), to assert that it should not be held liable for damages because it has no legal duty to bring highways up to AASHTO standards. While the supreme court has made it clear that DOTD does not breach its [ 3duty to the motoring public by failing to bring all highways in the state up to modern safety standards, design standards alone do not determine whether DOTD has breached a duty in a given situation, and one must consider all of the facts and circumstances. See Hunter v. State, Department of Transp. & Dev., 620 So.2d 1149 (La.1993); Dill v. State, Dep’t of Transp. & Dev., 545 So.2d 994 (La.1989). In fact, showing that a highway met existing standards when it was built is not enough for DOTD to escape liability. Dill, 545 So.2d 994.
The majority relies on Coleman v. Houp, 319 So.2d 831 (La.App. 3 Cir.1975), to conclude that the state’s duty is only “to construct and maintain the highways in a reasonably safe condition for persons exercising ordinary care and reasonable prudence.” Based on this proposition, the majority concludes that DOTD is only liable for a condition which causes injury to one exercising ordinary care and reasonable prudence. I do not find that to be the holding in Coleman, nor do I find that to be the standard of care recognized today. The “ordinary care” language appears in Coleman as a quote from Martin v. State, Through Department of Highways, 175 So.2d 441 (La.App. 4 Cir.), unit refused, 248 La. 359, 178 So.2d 653 (1965). However the language used from Martin further stated that “a highway will be deemed safe within these requirements if it may be negotiated successfully by all but the very reckless and careless drivers.... ” Id. at 443 (emphasis added). Additionally, both Coleman and Martin were decided under contributory negligence principles.
Deville’s speed was estimated to be fifty miles per hour in a forty-mile-per-hour zone, and it is not disputed that Deville was intoxicated (0.11 BAC) at the time of the accident. The trial court found that the accident was caused exclusively bypDeville’s negligence in driving while intoxicated and at an excessive speed. Certainly the intoxication contributed to the accident, but DOTD’s accident re-construetionist testified that he had “no problems” negotiating the curve at fifty miles per hour. Additionally, the trial court judgment and the majority opinion ignore the testimony of Trooper Lee to the effect that the curve where the accident occurred is considered the most dangerous in the Troop I area. It further ignores the fact that this curve has a history of serious accidents dating back at least eighteen years, with a number of them being fatalities.
In my opinion, the reliance on Myers and Coleman is misplaced in this particular case. I agree that DOTD is not the guarantor of the safety of highway travelers and that, as a general rule, the failure of DOTD to bring highways up to modern standards does not establish the existence of a hazardous defect. However, to suggest that DOTD can ignore a known hazardous situation which has caused numerous deaths and severe injuries on the pretext of having no duty to correct the situation because of the expense of doing so is unconscionable. To do so would be to *592 encourage DOTD to not improve our highways but to simply maintain the status quo.
I would find Myers does not absolve DOTD from fault in the case before us and would decide the fault issue as the supreme court has done in Campbell, Hunter, and Dill. DOTD does bear some tort responsibility for this tragic accident, as does the driver of the vehicle, and fault should be apportioned between the two.